# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **ROBERT WARREN STONE,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )     Civil Action No. 1:17-00196 |
| | ) |
| **UNITED STATES PAROLE COMMISSION,** | ) |
| | ) |
|     **Defendant.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's "Motion to Dismiss Action" (Document No. 10), filed on February 15, 2017. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

## FACTUAL AND PROCEDURAL HISTORY

On January 6, 2017, Plaintiff filed an Application to Proceed Without Prepayment of Fees and a Complaint pursuant to 5 U.S.C. § 552(a)(4)(B). (Document Nos. 1 and 2.) In his Complaint, Plaintiff alleges that he requested and was wrongfully refused certain information pursuant to the Freedom of Information Act [FOIA].[1] (Document No. 2.) Plaintiff names the United States Parole Commission ["USPC"] as the defendant. (Id.) Plaintiff states that he submitted a FOIA request to the USPC on March 28, 2016, requesting "any and all information in relation to my case that is in the Parole Commission files, new and old." (Id.) Plaintiff alleges that he received an inadequate response from the USPC on June 13, 2016. (Id.) Plaintiff notes

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed. 652 (1972).

that in response, the USPC states that it is operating with one full-time employee and it "may be unable . . . process [his] request within the statutory time limit." (Id.) As relief, Plaintiff requests monetary damages and an order requiring the USPC to produce all requested documents within 20 days. (Id., p. 2.) Plaintiff attaches the following as Exhibits: (1) A copy of his FOIA Request (Id., p. 3 - 4.); and (2) A copy of USPC's Response dated June 13, 2016 (Id., pp. 5 - 6.).

By Order entered on January 24, 2017, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed the Clerk to issue process upon receipt of Plaintiff's initial partial payment of the filing fee. (Document No. 4.) Plaintiff paid his initial partial payment of the filing fee on January 31, 2017, and Clerk issued process on February 1, 2017. (Document Nos. 5 and 6.)

On February 15, 2017, Plaintiff filed his instant "Motion to Dismiss Action." (Document No. 10.) Specifically, Plaintiff requests that this Court "dismiss the above case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)." (Id.) Plaintiff acknowledges that "the aforementioned rule does not require a court order, [but] Plaintiff requests this court to issue an order." (Id.)

## **ANALYSIS**

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Defendant has neither filed an Answer to Plaintiff's Complaint nor otherwise pled. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court

**GRANT** Plaintiff's "Motion to Dismiss Action" (Document No. 10), **DISMISS** Plaintiff's Complaint (Document No. 2) without prejudice and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: March 2, 2017.

Omar J. Aboulhosn
United States Magistrate Judge